REQUESTED BY: Senator John W. DeCamp Nebraska State Legislature State Capitol, Room 1116 Lincoln, NE 68509
Dear Senator DeCamp:
You have asked our opinion as to the constitutional validity of LB 709. We believe this bill can be successfully defended against constitutional attack.
Neb.Rev.Stat. § 77-3506, Reissue 1981, formally provided for an exemption to a portion of the value of all homesteads in the state. Pursuant to Neb.Rev.Stat. 77-3523
(Reissue 1981), the counties were reimbursed by the state for taxes lost by reason of such exemptions.
Section 77-3506 was repealed in 1983 by LB 396. Except for those owned by certain specified classifications of homeowners, homesteads no longer enjoy a tax exemption. LB 709 is obviously intended to give the owners of such homesteads a cash reimbursement of a portion of the taxes paid, in lieu of the exemption authorized by Article 8, Section 2 of the Constitution.
We must keep in mind that the Constitution is a restriction, not a grant, of powers to the Nebraska Legislature. The general rule is that the Legislature has any power not forbidden to it. We find nothing which would forbid the Legislature to make this sort of direct payment to homeowners in lieu of the homestead exemption. We do not feel it is unreasonable classification, since the Constitution specifically created the class of owners of homesteads. There is little difference between giving a tax exemption and reimbursing the counties for revenue lost, and, instead, making a direct payment to the taxpayer.
We do note, however, some confusing language in the bill. In Section 3, `homeowner' is defined as a person who owns or is purchasing a homestead under a mortgage or a land contract. One does not `purchase' real estate under a mortgage. There may be a mortgage on the real estate, but, if the title is in the homeowner's name, he is not purchasing it. Compare the language of Neb.Rev.Stat. § 77-3503
(Supp. 1983).
Nowhere in the bill do we find a specific requirement that the homestead claimant actually occupy the property as a home. Section 3, defining a homeowner, defines him or her as a person who owns or is purchasing a homestead, and Section 4 defines a homestead as the dwelling and so much of the land surrounding it, not exceeding one acre, as is reasonably necessary for use of the dwelling as a home. While the court would probably read into the statute a requirement that the claimant actually occupy the premises, we believe that express language, such as is found in Neb.Rev.Stat. 77-3502
(Reissue 1981), requiring actual occupancy, would be desirable.
Section 6 deals with a claimant occupying two or more homesteads in one year. Does this contemplate successive homesteads, or would it authorize a person who owned two homes simultaneously (as, for example, a home on a farm and a home in town) to claim both of them? The literal language of the bill would seem to authorize this, but we are not confident that that is the intention. It should probably be clarified.
We also point out that partial homestead exemptions for certain classes of owners were retained. Under the language of LB 709 a person eligible for one of these partial exemptions would also be eligible for the reimbursement provided for in Section 9. This is proper, if it reflects the Legislature's intention, but we felt it should be called to its attention.
Very truly yours,
PAUL L. DOUGLAS Attorney General
Ralph H. Gillan Assistant Attorney General